UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

GREGORY PALMER, PETER ANDREWS,
and DREAMBUILDER INVESTMENTS, LLC,

14 CV Case No. 9462

Plaintiffs,

vs.

COMPLAINT

CERASTES, LLC, STELIS, LLC, OPHRYS, LLC
and OAK HARBOR CAPITAL X, LLC,

Defendants.

Plaintiffs, GREGORY PALMER, PETER ANDREWS and DREAMBUILDER INVESTMENTS, LLC, by and through their undersigned attorneys, VERNER SIMON, as and for their Complaint against the Defendants in this action, CERASTES, LLC, STELIS, LLC, OPHRYS, LLC and OAK HARBOR CAPITAL X, LLC, allege as follows:

PARTIES

1. Plaintiff DREAMBUILDER INVESTMENTS, LLC (hereinafter "DBI") is and was at all times relevant to this Complaint a limited liability company formed under the laws of the state of New York with a principle place of business located at 30 Wall Street, 6th Floor, New York, NY 10005.

2. Plaintiff, GREGORY PALMER (hereinafter "PALMER"), is an individual and citizen of New Hampshire, 901 Ocean Blvd., Hampton, NH 03842. At all relevant times, PALMER conducted business in relation to the Contracts referenced in this Complaint on behalf of DBI from 30 Wall Street, 6th Floor, New York, NY 10005.

3. Plaintiff, PETER ANDREWS (hereinafter "ANDREWS"), is an individual and citizen of New York residing at 1 West Street, Apt. 2436, New York, NY 10005. At all relevant times, ANDREWS conducted business in relation to the Contracts referenced in this Complaint on behalf of DBI from 30 Wall Street, 6th Floor, New York, NY 10005.

4. Defendant, CERASTES, LLC (hereinafter "CERASTES"), is a Delaware limited liability company formed under the laws of the State of Delaware and licensed to do business in the State of Washington with its principle place of business located at 2001 Western Avenue, Suite 430, Seattle, WA 98121.

5. Defendant, STELIS, LLC (hereinafter "STELIS"), is a Delaware limited liability company formed under the laws of the State of Delaware and licensed to do business in the State of Washington with its principle place of business located at 2001 Western Avenue, Suite 430, Seattle, WA 98121.

6. Defendant, OPHRYS, LLC (hereinafter "OPHRYS"), is a Delaware limited liability company formed under the laws of the State of Delaware and licensed to do business in the State of Washington with its principle place of business located at 2001 Western Avenue, Suite 430, Seattle, WA 98121.

7. Defendant, OAK HARBOR CAPITAL X, LLC (hereinafter "OAK HARBOR"), is a Delaware limited liability company formed under the laws of the State of Delaware and licensed to do business in the State of Washington with its principle place of business located at 2001 Western Avenue, Suite 430, Seattle, WA 98121.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is

complete diversity of citizenship between all plaintiffs and defendants.

9. The matter in controversy exceeds the sum of $ 75,000, exclusive of interest and costs.

10. This Court also has jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C.S. § 2201, because this case involves an actual controversy arising within this district and within this court's jurisdiction such that this court may declare rights and other legal relations of any interested party with the force and effect of a final judgment.

11. Venue is proper in this district under 28 U.S.C. § 1391 because the a substantial part of the events giving rise to plaintiffs' claims occurred in this judicial district and the financial underpinnings of the business involving plaintiffs and defendants (mortgage portfolios) is located in this District.

12. The action may also assert supplemental state law claims pursuant to the common law of New York.  This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a).

13. This Court has personal jurisdiction over defendants under New York Civil Practice Law and Rules 301 and 302(a) because: (i) defendants do continuous and systematic business in New York and in this District; (ii) Defendants have transacted business in New York and contracted to venture with the plaintiffs in New York in connection with matters giving rise to this suit; and/or (iii) defendants regularly do or solicit business in New York, and/or derive substantial revenue from goods used or services rendered in New York, and/or expect or reasonably should expect their infringing conduct to have  consequences in New  York and  derive substantial  revenue from interstate commerce.

## STATEMENT OF FACTS

14. Plaintiffs repeat and reallege each and every fact set forth in the preceding Paragraphs of

the Complaint as though each were fully set forth here at length.

15. As of July 19, 2013, Andrews and Palmer and certain entities, named here as parties to this lawsuit due to their rights being affected by the declaratory judgment sought by plaintiffs, executed the following documents:

    a. On July 19, 2013, CERASTES, LLC ("CERASTES"), a Delaware limited liability company, DBI CO INVESTOR FUND VIII, LLC, a Delaware limited liability company and OPHRYS, LLC ("OPHRYS"), a Delaware limited liability company, entered into an Operating Agreement and formed another Delaware Limited Liability Company called STELIS, LLC ("STELIS") for the purpose of combining their efforts together as a joint venture to purchase and manage for profit certain Portfolios of mortgage loans. (**EXHIBIT "A"**) (OPHRYS was the Member Manager);

    b. Simultaneously, CERASTES then entered into a Mortgage Asset Loan Agreement (the "Loan Agreement") with STELIS pursuant to which CERASTES financed the purchase of the initial Portfolio in exchange for collateral in the mortgages and a certain portion of the profit. (**EXHIBIT "B"**);

    c. STELIS executed a Promissory Note payable to the order of CERASTES in the original principal amount of $5,324,668.12 (the "Note") (**EXHIBIT "C"**);

    d. STELIS and CERASTES executed a Security Agreement pursuant to which STELIS granted a security interest to CERASTES to secure performance of STELIS's obligations under the Loan Agreement, the Note, the Security Agreement and all other indebtedness of STELIS to CERASTES (**EXHIBIT "D"**);

  e. ANDREWS and PALMER executed a Personal Guaranty (the "Guaranty") pursuant to which they guaranteed "Lender [CERASTES] the full and prompt payment in respect of and performance of the liabilities and obligations of Borrower [STELIS] the Loan Documents, including *curing any deficiency in payment of the Loan* in accordance with this Section 3." (**EXHIBIT "C"**, Section 3.6)(emphasis added). **EXHIBITS "A" – "D"** are collectively hereinafter referred to as the "Contracts")

16. The ANDREWS and PALMER personal guaranty was only intended to be called upon as a last resort, its necessity to be determined only after full liquidation of the Portfolios and only if a shortfall in "loan repayment" existed at that time.

17. The ANDREWS and PALMER personal guaranty does not specify time limits upon their performance and, it was understood that their obligations would be performed, if necessary, within a commercially reasonable period of time, following an "Event of Default" in payments by STELIS, subject to Notice and Cure provisions of the Contracts, as those terms are defined in the subject Contracts.

18. As of March 27, 2014, CERASTES and OAK HARBOR executed an Assignment and Assumption Agreement assigning to OAK HARBOR all rights and obligations of CERASTES with respect to the Contracts (**EXHIBIT "E"**).

19. ANDREWS and PALMER have not waived such rights as they may have to require OAK HARBOR to proceed against STELIS as borrower or against any other party.

20. In the recent months, spearheaded by a set of personal agendas imposed by OAK HARBOR's principal in fact, William Weinstein, Esq., OAK HARBOR has wrongly charged that ANDREWS and PALMER have breached their personal guaranty under the Contracts.

21. OAK HARBOR's purported basis for charging ANDREWS and PALMER with a breach of their guaranties is that a "Portfolio Shortfall" may have existed under the terms of the Loan Agreement. However, neither OAK HARBOR's William Weinstein, Esq., whose role in the various companies is undefined under the Contracts, nor OAK HARBOR, actually know to what extent the Portfolio Shortfalls exist and/or to what precise dollar amount.

22. Most recently OAK HARBOR has repeatedly threatened imminent litigation against ANDREWS and PALMER as well as DBI which is the Mortgage Services managing the day to day business of the Portfolios.

### CLAIMS FOR RELIEF

### COUNT I

*Declaratory Judgment – No Breach of Personal Guarantees*

23. The Plaintiffs re-allege and incorporate by reference each of the preceding paragraphs of the Complaint above as though fully set forth here at length.

24. OAK HARBOR has claimed that Plaintiffs have breach personal guarantees and/or other business obligations in tandem with the subject Contracts and has recently threatened imminent litigation on the guarantees.

25. Plaintiffs allege that the undisputed facts prove there does not exist any breach of the ANDREWS and PALMER personal guarantees issued in tandem with the subject Contracts or any other obligation of DBI.

26. Plaintiffs seek a judgment from this Court declaring and adjudging that there does not exits any breach of the personal guarantees issued in tandem with the subject Contracts or any

other obligation of DBI.

**WHEREFORE,** the Plaintiffs demand judgment on **COUNT I** for Declaratory Judgment that there is no breach of the ANDREWS and PALMER personal guarantees under the subject Contracts any other obligation of DBI, for Temporary, Preliminary, and Permanent Injunctive Relief, and for such other further relief which the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a jury on all issues triable by Jury

Dated: December 1, 2014

_____

PAUL W. VERNER
VERNER SIMON
*Attorneys for Plaintiffs*
30 Wall Street, 8th Floor
New York, New York 10005
Tel: (212) 502-5500
Fax: (212) 502-5400
pwverner@vernerlaw.com