UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

GREGORY PALMER, PETER ANDREWS,
and DREAMBUILDER INVESTMENTS, INC.,:

               Plaintiffs,    :    Case No. 14 Civ. 9462 (PC)

     vs.    :

CERASTES, LLC, STELIS, LLC, OPHRYS,  :
LLC, and OAK HARBOR CAPITAL X, LLC,

               :
               Defendants.

---------------------------------------------------------------x

## ANSWER AND COUNTERCLAIM ON PERSONAL GUARANTIES

Defendant Oak Harbor Capital X, LLC ("Oak Harbor") by and through its attorneys submit this answer to the complaint (the "Complaint") against it by plaintiffs Gregory Palmer ("Palmer"), Peter Andrews ("Andrews") and Dreambuilder Investments, Inc. ("Dreambuilder" and with Palmer and Andrews, the "Plaintiffs") and counterclaim against the Plaintiffs.

1. Admits that Dreambuilder purports to be a limited liability company formed under the laws of the State of New York, with a principal place of business located at 30 Wall Street, New York, New York 10005, and otherwise denies the allegations contained in paragraph 1 of the Complaint because of lack of information.

2. Admits that Palmer purports to be a citizen of New Hampshire, residing at 901 Ocean Blvd. Hampton, NH 03842, and otherwise denies the allegations contained in paragraph 2 of the Complaint because of lack of information.

3. Admits that Andrews purports to be a citizen of New York, residing at 1 West Street, New York, New York 10005, and otherwise denies the allegations contained in paragraph 3 of the Complaint because of lack of information.

4. Admits the allegations contained in paragraph 4 of the Complaint.

5. Admits the allegations contained in paragraph 5 of the Complaint.

6. Admits the allegations contained in paragraph 6 of the Complaint.

7. Admits the allegations contained in paragraph 7 of the Complaint.

8. The allegations contained in paragraph 8 of the Complaint are comprised of a legal conclusion regarding diversity jurisdiction as to which no response is required.

9. Admits the allegations contained in paragraph 9 of the Complaint.

10. The allegations contained in paragraph 10 of the Complaint are comprised of a legal conclusion regarding jurisdiction as to which no response is required, except denies that the controversy at issue in the Complaint arose in this district.

11. Denies the allegations contained in paragraph 11 of the Complaint, but waives the improper venue.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Repeats the responses to paragraphs 1-13 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint, and refers to Exhibits A-D to the complaint for their contents.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Admits the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 20 of the Complaint, except admits that Plaintiffs have failed to comply with their obligations under the terms of the Contracts, as defined in the Complaint, including their obligations to provide information to Oak Harbor regarding Portfolio Shortfalls, as that term is defined in the Loan Agreement.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Repeats its responses to paragraphs 1-22 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Upon information and belief, denies the allegations contained in paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint is comprised of a request for relief rather than a factual allegation, and thus no response is required.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on the basis of which relief against Oak Harbor can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint does not describe the claims or facts alleged with sufficient particularity to permit Oak Harbor to ascertain what other defenses may exist. Oak Harbor will rely on any and all further defenses that become available or appear during this action and specifically reserves the right to amend this Answer for purposes of asserting such additional affirmative defenses.

## COUNTERCLAIM TO ENFORCE PERSONAL GUARANTIES

### I. INTRODUCTION

Defendant and Counterclaim Plaintiff, Oak Harbor Capital X, LLC ("Oak Harbor"), brings this action to enforce joint and several, absolute, unconditional and irrevocable guaranties by Plaintiffs and Counterclaim Defendants Gregory Palmer ("Palmer") and Peter Andrews ("Andrews") of the commercial loans described in this complaint.

### II. JURISDICTION

1. The amount in controversy in this action exceeds $75,000.
2. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

### III. VENUE

3. Palmer and Andrews have consented to venue in this district.

## IV. PARTIES

4. Oak Harbor is a Delaware limited liability company formed under the laws of the State of Delaware and licensed to do business in the State of Washington. It has a mailing address at 2001 Western Avenue, Suite 430, Seattle, WA 98121.

5. Gregory Palmer is an individual who has alleged in the Complaint that he resides at 57 Pine Street, Seabrook, NH 03874.

6. Peter Andrews is an individual who has alleged in the Complaint that he resides at 1 West Street, Apt. 2436, New York, NY 10005.

## V. CLAIM BASED ON PERSONAL GUARANTY

7. As of July 19, 2013, Andrews, Palmer, Cerastes, LLC ("Cerastes") and Stelis, LLC ("Stelis") executed the following documents:

> (a) Cerastes, a Delaware limited liability company, entered into a Mortgage Asset Loan Agreement (the "Loan Agreement") with Stelis, a Delaware limited liability company, pursuant to which Cerastes loaned Stelis money for the purpose of acquiring a portfolio of mortgage loans (the "Gries Portfolio").
> (b) Stelis executed a Promissory Note payable to the order of Cerastes in the original principal amount of $5,324,668.12 (the "Note").
> (c) Stelis and Cerastes executed a Security Agreement pursuant to which Stelis granted a security interest to Cerastes to secure performance of Stelis's obligations under the Loan Agreement, the Note, the Security Agreement and all other indebtedness of Stelis to Cerastes.
> (d) Andrews and Palmer executed a Personal Guaranty (the "Guaranty") pursuant to which they guaranteed to Cerastes the payment and performance of all liabilities and obligations of Stelis under the Loan Agreement, the Sale Agreement and the Security Agreement.

8. In the Loan Agreement, Andrews and Palmer agreed that they would immediately cure any Portfolio Shortfalls arising under the terms of the Loan Agreement.

9. In the Loan Agreement, Andrews and Palmer also agreed to execute the Guaranty described in paragraph 8 above.

10. As of March 27, 2014, Cerastes and Oak Harbor executed an Assignment and Assumption Agreement assigning to Oak Harbor all rights and obligations of Cerastes with respect to the agreements described in paragraph 8 above. Andrews and Palmer approved the substitution of Oak Harbor for Cerastes with respect to all these agreements.

11. The Guaranty executed by Andrews and Palmer constitutes an absolute, irrevocable, unconditional, and continuing guaranty of all liabilities and obligations of Stelis under the Loan Agreement, the Sale Agreement and the Security Agreement.

12. Andrews and Palmer are jointly and severally liable under the Guaranty.

13. Andrews and Palmer have waived all claims, defenses or setoffs otherwise available to them against any claims Oak Harbor has against them under the Guaranty.

14. Andrews and Palmer have waived any rights they may have to require Oak Harbor to proceed against Stelis as borrower or against any other party.

15. Andrews and Palmer have agreed that all of their obligations under the Guaranty are independent of any obligations of Stelis under the Loan Documents or under any other instrument or agreement and that Oak Harbor may bring this action against the Defendants whether or not an action is brought against Stelis under the Loan Documents.

16. A Portfolio Shortfall has existed under the terms of the Loan Agreement every month since June 2014. To the extent the earlier Portfolio Shortfalls have been

cured, they have been replaced by larger Portfolio Shortfalls in the succeeding months. As of the date of this counterclaim, the outstanding Portfolio Shortfalls are estimated to be in excess of $995,000. Oak Harbor does not know to what extent the Portfolio Shortfalls may exceed $995,000 because Oak Harbor has not been provided with information to which it is entitled under the terms of the Loan Agreement. Based on the information available, it appears that the Portfolio Shortfalls are likely to increase substantially in the near future.

17. Andrews and Palmer have admitted the existence of most or all of the Portfolio Shortfalls.

18. Under the Guaranty, Andrews and Palmer are liable to Oak Harbor for all the Portfolio Shortfalls.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Oak Harbor prays for the following relief against Andrews and Palmer:

1. Judgment in favor of Oak Harbor and against Andrews and Palmer, jointly and severally, in the amount of $995,000 or such greater amount as may be due and owing at the time of judgment;
2. Judgment awarding Oak Harbor reasonable attorneys' fees and costs incurred with respect to this matter, including any attorneys' fees and costs incurred in enforcing the judgment; and
3. For such other relief as the Court may deem just and proper.

Dated: New York, New York
December 11, 2014

WEINSTEIN, PINSON & RILEY, P.S.


By: /s/ Susan Power Johnston
   Susan Power Johnston
   14 Penn Plaza, Suite 1407
   New York, NY 10122
   Phone: (212) 268-5540
   Fax: (646) 478-9370
   susanj@w-legal.com

Attorneys for Oak Harbor Capital X, LLC

Of Counsel:
SPENCER HALL & ASSOCIATES PLLC
Spencer Hall, WSBA No. 6162
1200 Fifth Avenue, Suite 1414
 Seattle, WA 98101
Tel 206.292.5900
Fax 206.292.5901
 Email:  shall@spencerhall-assoc.com