UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

GREGORY PALMER, PETER ANDREWS,
and DREAMBUILDER INVESTMENTS, LLC,

            Plaintiffs,

vs.

CERASTES, LLC, STELIS, LLC, OPHRYS, LLC
and OAK HARBOR CAPITAL X, LLC,

            Defendants.

OAK HARBOR CAPITAL X, LLC,

            Counterclaimant,

vs.

GREGORY PALMER and PETER ANDREWS,

            Counterclaim Defendants.

Case No. 14-cv-9462 (PC)

**ANSWER TO COUNTERCLAIM**

Counterclaim Defendants, GREGORY PALMER and PETER ANDREWS, by and through their undersigned attorneys, VERNER SIMON, as and for their Answer to the Counterclaim of OAK HARBOR CAPITAL X, LLC, state as follows:

**I. INTRODUCTION**

The allegations contained in paragraph entitled INTRODUCTION of the Counterclaim are comprised of either legal conclusions or descriptive hyperbole regarding purported individual guarantees, and as such, no responsive pleading is required.

## II. JURISDICTION

1. Admit the allegations contained in paragraph 1 of the Counterclaim.

2. Admit the allegations contained in paragraph 2 of the Counterclaim.

## III. VENUE

3. Admit the allegations contained in paragraph 3 of the Counterclaim.

## IV. PARTIES

4. Admit the allegations contained in paragraph 4 of the Counterclaim except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that OAK HARBOR is licensed in Washington state, or any other state, and further aver that the Counterclaimant's allegations do not allege OAK HARBOR's state of domicile in terms of its principal place of business.

5. Admit the allegations contained in paragraph 5 of the Counterclaim.

6. Admit the allegations contained in paragraph 6 of the Counterclaim.

## V. CLAIM BASED UPON PERSONAL GUARANTY

7. Deny the allegations contained in paragraph 7 of the Counterclaim which are comprised of either legal conclusions or descriptive hyperbole regarding purported contracts and/or individual guarantees, and as such, no responsive pleading is required. Counterclaim Defendants admit that the parties entered into a joint venture and attendant contracts related thereto which are fully represented by Plaintiffs' Complaint **Exhibits A** through **E** which speak for themselves.

8. Deny the allegations contained in paragraph 8 of the Counterclaim which are comprised of either legal conclusions or descriptive hyperbole regarding purported contracts and/or individual guarantees, and as such, no responsive pleading is required. Counterclaim Defendants admit that the parties entered into a joint venture and attendant contracts related thereto which are fully represented by Plaintiffs' Complaint **Exhibits A** through **E** which speak for themselves.

9. Deny the allegations contained in paragraph 9 of the Counterclaim which are comprised of either legal conclusions or descriptive hyperbole regarding purported contracts and/or individual guarantees, and as such, no responsive pleading is required. Counterclaim Defendants admit that the parties entered into a joint venture and attendant contracts related thereto which are fully represented by Plaintiffs' Complaint **Exhibits A** through **E** which speak for themselves.

10. Deny the allegations contained in paragraph 10 of the Counterclaim which are comprised of either legal conclusions or descriptive hyperbole regarding purported contracts and/or individual guarantees, and as such, no responsive pleading is required. Counterclaim Defendants admit that the parties entered into a joint venture and attendant contracts related thereto which are fully represented by Plaintiffs' Complaint **Exhibits A** through **E** which speak for themselves.

11. Deny the allegations contained in paragraph 11 of the Counterclaim which are comprised of either legal conclusions or descriptive hyperbole regarding purported contracts and/or individual guarantees, and as such, no responsive pleading is required. Counterclaim Defendants admit that the parties entered into a joint venture and attendant contracts related thereto which are fully represented by Plaintiffs' Complaint **Exhibits A** through **E** which speak for themselves.

12. Deny the allegations contained in paragraph 12 of the Counterclaim which are comprised of either legal conclusions or descriptive hyperbole regarding purported contracts and/or individual guarantees, and as such, no responsive pleading is required. Counterclaim Defendants

admit that the parties entered into a joint venture and attendant contracts related thereto which are fully represented by Plaintiffs' Complaint **Exhibits A** through **E** which speak for themselves.

13. Deny the allegations contained in paragraph 13 of the Counterclaim which are comprised of either legal conclusions or descriptive hyperbole regarding purported contracts and/or individual guarantees, and as such, no responsive pleading is required. Counterclaim Defendants admit that the parties entered into a joint venture and attendant contracts related thereto which are fully represented by Plaintiffs' Complaint **Exhibits A** through **E** which speak for themselves.

14. Deny the allegations contained in paragraph 14 of the Counterclaim which are comprised of either legal conclusions or descriptive hyperbole regarding purported contracts and/or individual guarantees, and as such, no responsive pleading is required. Counterclaim Defendants admit that the parties entered into a joint venture and attendant contracts related thereto which are fully represented by Plaintiffs' Complaint **Exhibits A** through **E** which speak for themselves.

15. Deny the allegations contained in paragraph 15 of the Counterclaim. Counterclaim Defendants admit that the parties entered into a joint venture and attendant contracts related thereto which are fully represented by Plaintiffs' Complaint **Exhibits A** through **E** which speak for themselves.

16. Deny the allegations contained in paragraph 16 of the Counterclaim except admits that no portfolio shortfall which has existed has ever risen to the level required under the controlling contracts such that Counterclaimant can legally bring an action at law to enforce any personal guaranty delivered by the Counterclaim Defendants. Counterclaim Defendants admit that the parties entered into a joint venture and attendant contracts related thereto which are fully represented by Plaintiffs' Complaint **Exhibits A** through **E** which speak for themselves.

17. Deny the allegations contained in paragraph 17 of the Counterclaim except admits that no portfolio shortfall which has existed has ever risen to the level required under the controlling

contracts such that Counterclaimant can legally bring an action at law to enforce any personal guaranty delivered by the Counterclaim Defendants. Counterclaim Defendants admit that the parties entered into a joint venture and attendant contracts related thereto which are fully represented by Plaintiffs' Complaint **Exhibits A** through **E** which speak for themselves.

18. Deny the allegations contained in paragraph 18 of the Counterclaim which are comprised of either legal conclusions or descriptive hyperbole regarding purported contracts and/or individual guarantees, and as such, no responsive pleading is required. Further Counterclaim Defendants deny the allegations contained in paragraph 18 of the Counterclaim except admits that no portfolio shortfall which has existed has ever risen to the level required under the controlling contracts such that Counterclaimant can legally bring an action at law to enforce any personal guaranty delivered by the Counterclaim Defendants. Counterclaim Defendants admit that the parties entered into a joint venture and attendant contracts related thereto which are fully represented by Plaintiffs' Complaint **Exhibits A** through **E** which speak for themselves.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted against the Counterclaim Defendants.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim does not describe the claims or facts alleged with sufficient particularity.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim fails to name necessary parties, the absence of which: (a) prevents the Court from being able to afford complete relief among the existing parties; or (b) those parties

will claim an interest relating to the subject of the action and are so situated that disposing of the action in the parties' absence that (i) as a practical matter, it will impair or impede the parties' ability to protect the interests; or (ii) may leave existing parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interests. Fed. R. Civ. P. 19(a)(1).

**FOURTH AFFIRMATIVE DEFENSE**

The Counterclaimant has improper legal standing to bring the Counterclaim.

**FIFTH AFFIRMATIVE DEFENSE**

The Counterclaimant has failed to fulfill conditions precedent to asserting the Counterclaim against the Counterclaim Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

Third parties or the primary Defendants in Plaintiff's Complaint, have failed to fulfill conditions precedent to Counterclaimant's ability to assert the Counterclaim against the Counterclaim Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

With the joinder of all necessary parties, some of whom are, upon information and belief, limited liability companies with non-diverse parties, the Court will lack subject matter jurisdiction over the Counterclaim requiring its severance.

**WHEREFORE,** Counterclaim Defendants demand judgment dismissing the Counterclaim and for such other further relief which the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a jury on all issues triable by Jury

Dated: December 17, 2014

                                                /S/ PAUL W. VERNER

                                                PAUL W. VERNER
                                                VERNER SIMON
                                                *Attorneys for Counterclaim Defendants*
                                                30 Wall Street, 8th Floor
                                                New York, New York 10005
                                                Tel: (212) 502-5500
                                                Fax: (212) 502-5400
                                                pwverner@vernerlaw.com

TO:

Susan Power Johnston
14 Penn Plaza, Suite 1407
New York, NY 10122
Phone: (212) 268-5540
Fax: (646) 478-9370
susanj@w-legal.com

SPENCER HALL & ASSOCIATES PLLC
Spencer Hall, WSBA No. 6162
1200 Fifth Avenue, Suite 1414
Seattle, WA 98101
Tel 206.292.5900
Fax 206.292.5901
Email: shall@spencerhall-assoc.com

*Attorneys for Counterclaimant.*
*Oak Harbor Capital X, LLC*