UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

GREGORY PALMER, PETER ANDREWS,
and DREAMBUILDER INVESTMENTS,
LLC,

         *Plaintiffs*,

  - against -

CERASTES, LLC, STELIS, LLC, OPHRYS,
LLC, OAK HARBOR CAPITAL X, LLC, and
WILLIAM WEINSTEIN,

         *Defendants*.

------------------------------------------------------------X

14 Civ. 9462 (PAC)

**SUMMARY ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Before the Court are a bevy of pending motions filed throughout the course of this litigation. The Court addresses each in turn.

1. **Discovery Matters**

Discovery matters have been sufficiently aired in conferences before the Court; to the extent they have not been resolved, they are moot. Fact discovery ended September 30, 2015; opening briefs for summary-judgment motions are due April 8, 2016. The pending motions at Docket Nos. 146, 181, 183, and 207 are DENIED.

2. **Docket No. 172**

Plaintiffs' motion at Docket No. 172 raises disputed issues of fact on an insufficiently developed factual record. The motion at Docket No. 172 is DENIED without foreclosing plaintiffs from raising their arguments anew in their summary-judgment filings.

1

### 3.     Order to Show Cause and Docket No. 202

On December 2, 2015, the Court issued an order to show cause, and a hearing was held over the course of three days in mid-January 2016. Defendants seek an order that would essentially terminate plaintiffs' ongoing business relationship with Stelis, barring them from acting on Stelis's behalf and transferring control of Stelis assets to Orphys. Defendants argue that such an order was warranted on account of plaintiffs' failure to place all Stelis mortgages and mortgage-sale proceeds into the Wilmington Trust account. The Court declines to issue the requested order. Even if defendants' allegations were true, their proposed remedy is disproportionate to the alleged wrong. Moreover, such an order would require the Court to rule on disputed factual matters on an insufficiently developed factual record. Defendants arguments may be raised anew in their summary-judgment filings if they so choose.

In response to the order to show cause, plaintiffs filed a motion captioned "Plaintiffs' Cross-Motion for Expedited Release of Mortgage Servicer's Fees and Order on Mortgage Servicing Issues and Removal for Cause of Orphys, LLC, as Manager of Stelis, LLC." *See* Dkt. 203. Though styled a "cross-motion," the motion raises matters far outside the scope of the order to show cause and is improperly filed. The motion at Docket No. 202 is DENIED without foreclosing plaintiffs from raising their arguments anew in their summary-judgment filings.

*   *   *

The Clerk of Court is directed to terminate the motions at Docket Nos. 146, 172, 181, 183, 202, and 207.

Dated: New York, New York  
      March 23, 2016

SO ORDERED

*Paul A. Crotty*  
PAUL A. CROTTY  
United States District Judge