UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

GREGORY PALMER, PETER ANDREWS,
and DREAMBUILDER INVESTMENTS,
LLC,

          *Plaintiffs*,

  - *against* -

CERASTES, LLC, STELIS, LLC, OPHRYS,
LLC, OAK HARBOR CAPITAL X, LLC, and
WILLIAM WEINSTEIN,

          *Defendants*.

------------------------------------------------------------X

14 Civ. 9462 (PAC)

**SUMMARY ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

In its order of August 20, 2015, the Court directed plaintiffs to provide defendants three days' notice of any proposed sale or transfer of Stelis assets. On March 1, 2016, plaintiff Gregory Palmer notified defendants that plaintiff Dreambuilder Investments (DBI) proposed to sell 39 mortgages owned by Stelis to a buyer identified as "RTED Irvine, LLC." Weinstein Decl., Exh. 1. And on March 2, 2016, Palmer notified defendants that DBI proposed to sell another 617 Stelis mortgages to a buyer identified as "RTP." Weinstein Decl., Exh. 2. On March 3, 2016, defendants notified plaintiffs that they would not approve the sales. Weinstein Decl. at ¶ 15.

Defendants move the Court to "rule that plaintiffs are not authorized to consummate the sales in question" and to "bar[] [plaintiffs] from taking any action, direct or indirect, to carry out unauthorized sales." Def. Br. at 18. They further request that the Court order plaintiffs to copy

defendants "on all written communications with Wilmington Trust" and bar plaintiffs from taking any action to remove Stelis assets from Wilmington Trust without defendants' written consent. *Id.* at 19.

In support of their motion, defendants call the Court's attention to Stelis's Limited Liability Corporation Agreement, which states that Stelis must approve "any sale" of Stelis assets and that Orphys has the right to remove any officer or authorized representative "at any time, with or without cause." Weinstein Decl., Exh. 9, § 5.3. Defendants are correct: any and all sales require approval by Stelis. Nonetheless, this determination is not a sufficient basis to enjoin plaintiffs' conduct. Defendants have not made a sufficient showing of irreparable harm. *See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

The Court orders plaintiffs to copy defendants on all written communications with Wilmington Trust. The remainder of defendants' motion is denied. The Court recognizes the numerous arguments raised in plaintiffs' opposition brief. But those arguments—including but not limited to whether defendants have acted in bad faith, whether defendants' past acts are sufficient to waive any objection to the proposed sales, whether Oak Harbor has been paid in full, whether Orphys has breached its fiduciary duties to Stelis, and whether Palmer has retained authority to act on Stelis's behalf—all raise substantial questions on an insufficiently developed factual record. A ruling on whether plaintiffs are authorized to sell the Stelis assets would require the Court to determine on a piecemeal basis the parties' contractual rights and obligations and would thus raise issues that are inextricable from the core dispute of this litigation. Such a ruling is inappropriate now, especially considering that the Court has already set a schedule for summary-judgment briefing, backed up by a June trial date. Those arguments may be raised

anew at the summary-judgment stage. In the meantime, however, if plaintiffs sell Stelis assets without defendants' approval, they do so at their peril.

Defendants' motion is GRANTED in part and DENIED in part.

Dated: New York, New York  
      March 23, 2016

SO ORDERED

*[signature]*

PAUL A. CROTTY  
United States District Judge